IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARK WILLIAM GLASS,** | 1:14-CV-00178-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **CAROLYN W. COLVIN,**<br>**Commissioner, Social Security**<br>**Administration,** | |
| Defendant. | |

**PHILIP W. STUDENBERG**
230 Main Street
Klamath Falls, OR 97601
(541) 880-5562

       Attorney for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3621

      Attorneys for Defendant

**BROWN, Judge.**

   Plaintiff Mark William Glass seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Child Insurance Benefits (CIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

   For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

### ADMINISTRATIVE HISTORY

   Plaintiff protectively filed his application for SSI on June 21, 2010, and his application for CIB on July 8, 2010.  In his applications Plaintiff alleged a disability onset date of


February 14, 2001.  Tr. 147, 160.[1]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on February 9, 2012.  Tr. 29-45.  Plaintiff was represented by an attorney at the hearing.  Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on March 2, 2012, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 13-22.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on December 6, 2013, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on February 14, 1990.  Tr. 46.  Plaintiff was 21 years old at the time of the hearing.  Plaintiff has a high-school education.  Tr. 21.  Plaintiff does not have any past relevant work experience.

Plaintiff alleges disability due to Asperger's Syndrome, Mental Retardation, Fetal Drug Syndrome, and Learning Disabilities.  Tr. 170.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the

---

[1] Citations to the official transcript of record filed by the Commissioner on June 10, 2014, are referred to as "Tr."

medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 18-20.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

4 - OPINION AND ORDER

(9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### I.  The Regulatory Sequential Evaluation

With respect to a claim for CIB, a claimant is not disabled if he was 18 years old or older at the time of his alleged onset date and the Commissioner determines the claimant did not have a disability that began before the claimant became 22 years old.  20 C.F.R. § 404.350(a).

5 - OPINION AND ORDER

At Step One of the regulatory sequential evaluation the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling

(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

The ALJ found Plaintiff "had not attained age 22 as of [his alleged onset date of] February 14, 2001."  Tr. 15.

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his February 14, 2001, alleged onset date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the following severe combination of impairments:  "borderline intellectual functioning, and a history of a learning disorder in mathematics and oral and written expression."  Tr. 15.  The ALJ found Plaintiff's alleged Asperger's Syndrome and attention deficit hyperactivity disorder were not "medically determinable" impairments.  Tr. 16.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments or combination of impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 16.  The ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels but with the limitation that Plaintiff "is restricted to work consisting of simple, repetitive tasks with no public contact."  Tr. 17.

At Step Four the ALJ found Plaintiff does not have any past relevant work.  Tr. 20.

At Step Five the ALJ found Plaintiff can perform jobs that

8 - OPINION AND ORDER

exist in significant numbers in the national economy.  Tr. 21.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly found Plaintiff's Asperger's Syndrome is not a "medically determinable" impairment at Step Two; (2) improperly rejected the GAF score assigned to Plaintiff by Gregory Cole, Ph.D., examining psychologist; and (3) improperly gave "less weight" to the lay-witness statement of Patricia Sue Bessey.

**I.   The ALJ did not err at Step Two**.

Plaintiff asserts the ALJ erred at Step Two when he found Plaintiff's alleged Asperger's Syndrome was not a medically determinable impairment.

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. § 404.1521(a).  *See also Ukolov*, 420 F.3d at 1003.  The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(a), (b).  Such abilities and aptitudes include walking, standing,

9 - OPINION AND ORDER

sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

Here the ALJ found Plaintiff's Asperger's Syndrome was not a medically determinable impairment. Although the ALJ noted Plaintiff was diagnosed with Asperger's Syndrome in 2001, the record indicates that in 2008 both Asperger's Syndrome and "pervasive development delays not otherwise specified" were ruled out. Tr. 221. Specifically, on March 11, 2008, Marianne Moskowitz, Ph.D., examining psychologist, conducted a psychodiagnostic evaluation of Plaintiff and noted Plaintiff had made "considerable improvement over the early testing" in the area of intellectual learning ability. Tr. 221. Dr. Moskowitz ruled out autism and pervasive developmental delays.

On this record the Court concludes the ALJ did not err when he found Plaintiff's Asperger's Syndrome was not a medically determinable impairment because the ALJ provided legally sufficient reasons supported by the record for doing so.

In addition, the Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at

Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor). As noted, at Step Two the ALJ found Plaintiff has the following severe combination of impairments: "borderline intellectual functioning, and a history of a learning disorder in mathematics and oral and written expression."

Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in failing to identify Asperger's Syndrome as a medically determinable impairment is harmless.

**II. The ALJ did not err when he rejected the GAF score assigned by Dr. Cole, examining psychologist.**

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

On August 13, 2010, Dr. Cole conducted an Intellectual Assessment of Plaintiff and concluded, among other things, that

11 - OPINION AND ORDER

Plaintiff has borderline intellectual functioning.  Tr. 403.  Dr. Cole assessed Plaintiff with a GAF of 48.[2]  Dr. Cole found Plaintiff was able to perform simple, routine tasks, but had "problems completing a simple multi-step task."  Tr. 404.

The ALJ rejected that portion of Dr. Cole's opinion in which he assessed Plaintiff with a GAF of 48 on the ground that Dr. Cole's GAF assessment was inconsistent with the longitudinal record.  Tr. 16.  For example, in March 2008 Plaintiff's Independent Education Plan noted Plaintiff had

> demonstrate[d] academic knowledge and skills required for successful employment . . . [including] understanding . . . time concepts relating to arrival/departure times and how it pertains to interactions/schedules throughout his day. . . .  [A]lso . . . appropriate responses and interactions in the work force.

Tr. 199.  The ALJ noted Dr. Cole did not examine Plaintiff's entire claim file, and he "did not question [Plaintiff's] credibility."  Tr. 16.  The ALJ, however, found Plaintiff was not

---

[2] Although the fifth edition of the *Diagnostic and Statistical Manual of Mental Disorders* issued May 27, 2013, abandoned the GAF scale in favor of standardized assessments for symptom severity, diagnostic severity, and disability (*see Diagnostic and Statistical Manual of Mental Disorders V* (DSM-V) 16 (5th ed. 2013)), at the time of Plaintiff's assessment and the ALJ's opinion the GAF scale was used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100 (*see Diagnostic and Statistical Manual of Mental Disorders IV* (DSM-IV) 31-34 (4th ed. 2000)).  In the fourth edition, a GAF of 41-50 indicates serious symptoms (suicidal ideation, severe obsessional rituals frequent shoplifting) or any serious impairment in social, occupational, or school functioning (*e.g.*, few friends, unable to keep a job).

12 - OPINION AND ORDER

entirely credible, and Plaintiff does not challenge that finding.

The Court concludes on this record that the ALJ did not err when he rejected Dr. Cole's assessment of Plaintiff as having a GAF of 48 because the ALJ provided legally sufficient reasons supported by evidence in the record for doing so.

### III. The ALJ did not err when he rejected the lay-witness statement.

On July 30, 2010, Plaintiff's aunt, Patricia Sue Bessey, filled out a Third-Party Adult Function Report in which she noted Plaintiff has "problems with stressful situations, social interactions, coping skills are weak, staying on tasks, interpersonal relationships." Tr. 288. Bessey stated Plaintiff makes simple meals daily; does housecleaning, lawn mowing, and watering weekly; and drives a car. Tr. 290-91. Nevertheless, Bessey stated Plaintiff does not have any independent living skills. Tr. 291. Bessey stated Plaintiff has trouble remembering and following instructions and "very limited concentration." Tr. 293.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511

13 - OPINION AND ORDER

(9th Cir. 2001).  *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").  The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006).  When "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout,* 454 F.3d at 1056.

The ALJ gave "less weight" to Bessey's Report "to the extent [Bessey] alleges [Plaintiff] is unable to work."  Tr. 20.  The ALJ notes Bessey reports Plaintiff is able to engage in a wide variety of activities of daily living.  In addition, the ALJ notes the record contradicts Bessey's assertion that Plaintiff is unable to work.  Tr. 20.

On this record the Court finds the ALJ did not err when he gave less weight to Bessey's Report because the ALJ provided specific reasons germane to Bessey for doing so.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 9th day of December, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER